IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK W. SCHMANKE #02055-027, )
)
Petitioner, )
)
v. ) No. 05 C 2444
)
SILAS IRVINS, Warden, Metropolitan )
Correctional Center, )
)
Respondent. )

MEMORANDUM ORDER

This Court has inherited, via reassignment from the calendar of its colleague Honorable George Marovich, the latest proceeding in the extraordinarily extended and convoluted path that Mark Schmanke has traveled through the federal criminal justice system (see the recounting of Schmanke's Odysseus-like travels in Ex. 1, the "Background" section of the government's just-filed response to Schmanke's current motion for reconsideration of an order entered by Judge Marovich). As the "Argument" section of the same response reflects, on June 24 of this year Judge Marovich had dismissed Schmanke's then-pending petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241[1]--not "for lack of personal jurisdiction," as the government's response has asserted, but rather because of Schmanke's noncompliance with Section 2244(a). After having entered that dismissal order, on August 29 Judge Marovich granted Schmanke's motion for

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

reconsideration, and on September 7 Judge Marovich caused the case to be reassigned to this Court's calendar.

At this point the government has agreed that Judge Marovich's order of dismissal was in conflict with our Court of Appeals' decision in <u>Valona v. United States</u>, 138 F.3d 693 (7th Cir. 1998), so that Schmanke's arguments in support of his Section 2241 petition must instead be dealt with on the merits. But having so stated, the response filed by government counsel has correctly dispatched each of Schmanke's claims in the space of four well-reasoned pages. As the response reflects, one aspect of the United States Parole Commission's actions[2] failed to comply with the Parole Commission's obligations: It failed to conduct a review of Schmanke's case, as called for by 18 U.S.C. §4211(b), within two years after his parole release to determine the need or lack of need for continued supervision. But even in that regard, Schmanke's argument fails because of the absence of any showing of prejudice from that omission (<u>Sacasas v. Rison</u>, 755 F.2d 1533, 1535 (11th Cir. 1985)(per curiam)).

In all other respects, Schmanke's contentions are simply wrong and do not call for habeas relief. It is really unnecessary to restate the grounds for that determination, which

---

[2] Because Schmanke's original criminal offense antedated the effective date of the sentencing guidelines, November 1, 1987, the previously-enacted statutory provisions regarding parole remain in effect as to Schmanke (see <u>Bledsoe v. United States</u>, 384 F.3d 1232, 1234 n.2 (10th Cir. 2004)).

2

are fully and accurately set out in the government's responsive memorandum.

Accordingly, although Schmanke's motion for reconsideration is granted, his Section 2241 petition is dismissed on grounds different from the basis relied upon by Judge Marovich. This action is dismissed as well.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 5, 2005

3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK W. SCHMANKE, #02055-027 Petitioner, | ) ) ) ) No. 05 C 2444 |
| v. | ) ) |
| SILAS IRVINS, Warden, Metropolitan Correctional Center,[1] Respondent. | ) Judge Shadur ) ) ) ) |

## RESPONDENT'S RESPONSE TO PETITIONER'S MOTION TO RECONSIDER HABEAS CORPUS PETITION

The United States of America, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, on behalf of the United States Parole Commission, responds to petitioner's motion to reconsider *habeas corpus* petition, as follows:

### Background

In 1988, petitioner Mark W. Schmanke received a 20-year prison sentence from the District Court for the Northern District of Indiana for conspiracy, transmitting altered U. S. Postal money orders with intent to defraud, mail fraud, and wire fraud. He committed these crimes from March 1982 to December 1983. Exhibit A. As this court has noted in a previous decision on a habeas petition filed by Schmanke, he was originally paroled in 1996, but that parole was revoked in 1998 on charges of leaving the district of supervision without permission, associating with a person

---

[1] On June 24, 2005, the court denied petitioner Mark W. Schmanke's petition for a writ of *habeas corpus*. On July 27, 2005, Schmanke filed his motion for reconsideration and was, the same day, transferred to the federal correctional institution in Pekin, Illinois. Schmanke is presently housed in Pekin.

EX.1

having a criminal record, using marijuana, and driving under the influence of alcohol.[2] Exhibit A-1.

Schmanke was reparoled on December 3, 1999. His probation officer reported that on March 14, 2001, Schmanke was arrested after having caused a traffic accident. Exhibit B. On April 3, 2001, his probation officer recommended that the Parole Commission issue a warrant for his arrest. On May 31, 2001, Schmanke's probation officer sent to the Parole Commission a stipulated plea agreement whereby Schmanke pleaded guilty to reckless driving and agreed to a sentence of a $500 suspended fine, a 180-day suspended jail term, and 6 months probation. Exhibit C.

The Commission issued a warrant for Schmanke on July 31, 2001. The warrant contained two charges. The first described a series of law violations which included leaving the scene of an accident, driving while intoxicated, assault with a deadly weapon and possession of marijuana. The second was the law violation of reckless driving. Exhibit D.

Schmanke voluntarily surrendered to custody on the Commission's warrant on August 13, 2001, and received a preliminary interview from the U. S. Probation Office two days later. The interviewing officer recommended probable cause on both charges. Exhibit E.

On November 29, 2001, Schmanke received his revocation hearing at the Federal Transfer Center, Oklahoma City, Oklahoma. At the hearing, Schmanke admitted the charge of reckless driving but attempted to minimize the seriousness of the incident. The examiner was troubled by Schmanke's attitude, and ". . . took the time to explain to the subject the seriousness of his behavior and the responsibility he has to the community . . . ." After doing so, the hearing examiner concluded that Schmanke still did not understand the seriousness of his repeatedly abusing drugs

---

[2] Schmanke also had a 1994 parole revoked in 1995 for driving while intoxicated (twice), battery, conversion, and administrative violations. Exhibits I and J.

2

and alcohol and driving at the same time. Exhibit F at 3.

On December 20, 2001, the Commission issued its decision, which was to revoke Schmanke's parole, forfeit all of the time Schmanke had spent on parole, and to continue Schmanke to a presumptive parole after the service of 16 months (on December 13, 2002). This decision was within a guideline range of 12-16 months applicable to Schmanke. Exhibit G. Schmanke took an administrative appeal, arguing that the revocation of his parole was a form of "double jeopardy" because the Commission had already punished him by imposing an alcohol treatment condition immediately following the reckless driving episode. In a decision dated February 13, 2002 the Commission denied Schmanke's appeal and rejected his claims that the Commission improperly denied him credit for time spent on parole and that the forfeiture of this time violated the Eighth Amendment ban against cruel and unusual punishment. Exhibit H.

Schmanke filed two habeas petitions challenging the decisions resulting from his 2001 revocation hearing. In each case, he was denied relief. In *Schmanke v. Hemingway*, No. 02-CV-40028-FL (E.D. Mich., Sept. 30, 2002), the court denied Schmanke's claims that the Commission had violated the double jeopardy ban and due process, or otherwise acted in an arbitrary and capricious manner in revoking his parole. The court also found that the Commission had properly applied statutory law in denying Schmanke credit for time he had spent on parole. Exhibit I. In *Schmanke v. U. S. Parole Commission*, No. 2:02cv 384RM (N.D. Ind., January 22, 2003), the court denied Schmanke's claim that the Parole Commission did not have a rational basis to impose a special condition of parole that prohibited him from driving a vehicle and possessing a driver's license. Exhibit J. The court also noted that, to the extent Schmanke challenged the fundamental fairness of the Commission's 2001 revocation proceeding, the claim was barred as a successive

petition under 28 U.S.C. §2244(a).

Schmanke was reparoled on December 13, 2002, to remain under supervision until February 3, 2009. Exhibit K. On September 23, 2003, the Commission ordered Schmanke to reside in a community corrections center for a period of 70 days and participate in a drug/alcohol treatment program, after receiving a report from his probation officer that he had been arrested on September 6, 2003, for operating a vehicle while intoxicated. Exhibits L and M.

On February 25, 2005, Schmanke's probation officer requested that the Commission issue a violator warrant for Schmanke after he had been arrested two days earlier and charged with hit and run, resisting arrest, recklessness, and operating a vehicle while intoxicated. Exhibit N. The Commission issued the warrant on March 4, 2005. Exhibits O and P. Schmanke was arrested on the warrant on March 29, 2005. Exhibit Q.

On May 11, 2005, the Commission issued a supplemental warrant application adding the charge that Schmanke had operated a vehicle while intoxicated on September 6, 2003. Exhibit R. The charge noted that Schmanke had been convicted of this offense on November 23, 2003, and sentenced to one-year probation. In the meantime, on April 7, 2005 and May 5, 2005, Schmanke requested a postponement of the preliminary interview to determine if probable cause existed for the alleged violations. Exhibit S.

On June 30, 2005, a Commission hearing examiner conducted a combined preliminary interview and local revocation hearing for Schmanke at the Metropolitan Correctional Center in Chicago. Exhibit T. By a notice of action dated July 19, 2005, the Commission informed Schmanke of its decisions: (1) revoke parole; (2) none of the time spent on parole shall be credited; and (3) continue to a presumptive reparole after the service of 20 months (November 29, 2006). Exhibit U.

Through appointed counsel, Schmanke appealed these decisions to the Commission's National Appeals Board on August 3, 2005. Exhibit V. Thereafter, on August 18, 2005, Schmanke supplemented his appeal with additional grounds. Exhibit W. A ruling on Schmanke's appeal is expected in mid-October 2005.