IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK W. SCHMANKE #02055-027, )
)
               Petitioner, )
)
v. )    No. 05 C 2444
)
SILAS IRVINS, Warden, Metropolitan )
Correctional Center, )
)
               Respondent. )

## MEMORANDUM ORDER

On October 5, 2005 this Court, having inherited this habeas action by reassignment from the calendar of its colleague Honorable George Marovich, issued a memorandum order ("Order") that:

    1.  entertained the motion of petitioner Mark Schmanke ("Schmanke") for reconsideration of Judge Marovich's denial of Schmanke's 28 U.S.C. §2241[1] habeas petition ("Petition")[2] and

    2.  dismissed the Petition on grounds different from those Judge Marovich had previously relied on, such new grounds having been advanced persuasively in the government's response to Schmanke's motion for reconsideration.

---

    [1]    All further references to Title 28's provisions will simply take the form "Section--."

    [2]    Judge Marovich had granted that motion a little over a week before he caused the case to be reassigned.

Now Schmanke has filed documents captioned (1) Renewed Motion for Immediate Release, (2) Motion for Class Certification, (3) Petitioner's Reply to Government's Response to Writ of Habeas Corpus and (4) Renewed Application for Release Pending a Resolution of the Proceedings in the Application for a Writ of Habeas Corpus. This memorandum order addresses each of those filings.[3]

As for Schmanke's first and fourth above-listed filings, his history of constant recidivism--multiple incidents of drunken and reckless driving, as well as instances of having caused a traffic accident, having left the scene of an accident and assault with a deadly weapon (to say nothing of his continued use of marijuana, although to be sure that last item might not of itself have required continued detention while his petition was pending)--shows him to be a serious danger to the safety of others and strongly contraindicates his release. This Court finds no justification for granting such interim relief, and it is denied.

Next, Schmanke's motion for class certification is of course premature. Unless his own individual claim were first found to be viable, he cannot serve as a putative class representative.

---

[3] Even though the first and fourth listed filings by Schmanke have been rendered moot at this District Court level by the current issuance of this memorandum order, the possibility of an appeal creates the potential for continued relevance of the release issue.

2

And because that precondition to consideration of class treatment (which would also necessitate the appointment of class counsel) has not been established, that motion is denied as well.

On then to the merits.[4] On that score Schmanke persists in his insistence that the sentencing statutes and guidelines embodied in and stemming from the Sentencing Reform Act of 1984 ("Act") somehow establish the standards for dealing with his situation. That however is not at all the case:

1. Those guideline provisions apply only to offenders whose crimes were committed <u>after</u> the November 1, 1987 effective date of the guidelines (see, e.g., <u>Norwood v. Brennan</u>, 891 F.2d 179, 181 (7th Cir. 1989)). And Schmanke's initial 20-year prison sentence, imposed in 1988, was based on crimes committed between March 1982 and December 1983.

2. Act ¶235(b)(1)(A) saved the applicability of the parole statutes as to pre-November 1, 1987 criminal law violators such as Schmanke. And the statutes so saved

---

[4] In that respect Schmanke complains in part about this Court's issuance of the Order denying his petition without having called for or received from him what he labels as a "traverse." But Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules") authorizes district courts to apply the Section 2254 Rules to any habeas corpus petition, and this Court's review of the government's response confirmed that such was the case here. That being so, Section 2254 Rule 4 required this Court to dismiss ("must dismiss") the Petition because "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

include 18 U.S.C. §4210(b)(2), which expressly authorizes the United States Parole Commission to deny a parole violator such as Schmanke (he has engaged in repeated violations) any credit for time spent on parole when he has been convicted of a new crime committed on parole and that crime is punishable by imprisonment (see <u>United States ex rel. Del Genio v. United States Bureau of Prisons</u>, 644 F.2d 585, 588 (7th Cir. 1980)).

    3. That congressional retention, after the Act's effective date, of the parole provisions as to criminal offenders such as Schmanke applied initially to the five-year period ended November 1, 1992 (see <u>Skowronek v. Brennan</u>, 896 F.2d 264, 269 (7th Cir. 1990), but Congress has since extended those provisions for another 21 years (until November 1, 2008)(see <u>Bledsoe v. United States</u>, 384 F.3d 1232, 1234 n.2 (10th Cir. 2004) and, most recently, United States Parole Comm'n Extension and Sentencing Comm'n Auth. Act of 2005, Pub. L. No. 109-76 (enacted Sept. 29, 2005)).

In short, then, Schmanke's principal grievance is without merit, based as it is on a misunderstanding of the applicable law. As for his remaining contentions, as the Order stated, they too are lacking in merit on the grounds well set out at pages 7 through 9 of the government's response to Schmanke's motion to reconsider.

4

As stated earlier, then, every facet of Schmanke's motions is denied. That conclusion applies both to his motion for release and his motion for class certification, while his habeas petition continues to be denied.

                         _____
                         Milton I. Shadur
                         Senior United States District Judge

Date:    October 31, 2005