IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK W. SCHMANKE #02055-027, )
                               )
              Petitioner,      )
                               )
       v.                      )   No.  05 C 2444
                               )
SILAS IRVINS, Warden, Metropolitan )
Correctional Center,           )
                               )
              Respondent.      )

MEMORANDUM ORDER

On November 2 this Court received in chambers still another sheaf of documents from Mark Schmanke ("Schmanke"), comprising his Motion for Discovery, Motion for a Bond Hearing, Motion for Leave To File an Amendment to the Writ of Habeas Corpus and Petitioner's Amendment to the Application for a Writ of Habeas Corpus. That package, having been signed and mailed by Schmanke on October 28, obviously crossed in the mails this Court's transmission to him of its November 1 order ("Order") denying the writ that he had sought under 28 U.S.C. §2241. Apart from Schmanke's effort to obtain a bond hearing looking to his current release, which is denied for the same reasons that this Court set out in the Order, Schmanke's other requests for possible relief will be addressed in the remainder of this order.

To begin with, Schmanke's Motion for Discovery is hopelessly overbroad and is denied out of hand. If, as and when the additional response that is requested here from the United States may occasion the need for an evidentiary hearing or may require

supplemental materials to evaluate any legal question, it will be time enough to consider any possible need for discovery in that light.

Most fundamentally, Schmanke's other filings stem from flawed premises that require some further exposition to carve away their impermissible elements. One of those false premises is that his rights are to be determined in accordance with the sentencing statutes and guidelines that stem from the Sentencing Reform Act of 1984. That misunderstanding on his part has been adequately dealt with in the Order and need not be discussed further here.

As for the rest, what Schmanke clearly cannot do is to revisit his 2001 revocation proceedings, as to which he has previously been rebuffed twice in court decisions that rejected his two earlier habeas petitions seeking to challenge the decisions reached there. That calls for rejection of a great deal of what Schmanke has advanced in his new filings, which appear to intermingle the earlier revocation proceedings with the most recent one. Those earlier determinations have long since become final and not further reviewable, so that he cannot use any claimed defects in those proceedings to taint the most recent one.

As for that most recent revocation, which has just been upheld in the attached October 12, 2005 ruling by the National

2

Appeals Board of the United States Parole Commission, this Court directs the United States to file its response to Schmanke's motion on or before November 28, 2005. In that respect, Schmanke does not appear to recognize that Fed. R. Evid. 1101(d)(3) expressly provides that the Evidence Rules are inapplicable to proceedings revoking probation, so that any hearsay objections based upon the Rules must fail. This does not of course preclude the consideration of possible Confrontation Clause questions posed by <u>Morrissey v. Brewer</u>, 408 U.S. 471 (1972) or, perhaps, <u>Crawford v. Washington</u>, 541 U.S. 36 (2004)--although in the latter respect our Court of Appeals' opinions rejecting the retroactive applicability of <u>Crawford</u> on collateral attack (<u>Murillo v. Frank</u>, 402 F.3d 786 (2005) and <u>Hintz v. Bertrand</u>, 403 F.3d 859 (7th Cir. 2005)) must be taken into account.

                                                            _/s/ Milton I. Shadur_
                                                          Milton I. Shadur
                                                          Senior United States District Judge

Date: November 7, 2005

U.S. Department of Justice                         **Notice of Action on Appeal**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Name: Schmanke, Mark                               Institution: Pekin FCI

Register Number: 02055-027                         Date:    October 12, 2005

The National Appeals Board examined the appeal of the above named and ordered the following:

Affirmation of the previous decision.

## REASONS:

There is no merit to your claim that a decision outside the guidelines is not supported by the reasons or facts as stated on the Notice of Action. The reasons given are specific and comply with 28 C.F.R. 2.20 for decisions outside the guidelines.

Your claim that the reasons are in error because you only have two convictions for DUI is without merit. The Commission's finding that you have violated parole on four occasions by abusing alcohol while driving a vehicle is supported by the record. Your parole was revoked in 1995 on a charge of "operating [a motor vehicle] while impaired". Your parole was revoked in 1998 based in part on your conviction of driving under the influence of alcohol. Your parole was revoked in 2001 on a charge of reckless driving, and you admitted at your revocation hearing that you were under the influence of marijuana and alcohol at the time. Your parole was most recently revoked on a finding by the Commission that you violated parole by operating a vehicle while intoxicated. Accordingly, the Commission's statement in its reasons for exceeding the guidelines that "This is the fourth revocation of your supervision that has involved your abuse of alcohol while driving a vehicle" is factually based in the record.

Your claim that the Commission abused its discretion by requiring you to serve 20 months because your violations were only misdemeanors misses the point. Your reckless behavior behind the wheel of your vehicle makes you a serious threat to the community because, while you are fleeing officers, driving erratically, exceeding the speed limit by 30 MPH, and driving up the curb, there is a substantial risk that you will injure or kill someone, whether by colliding your vehicle with theirs, or by running them over. The Commission acted within the scope of its discretion in concluding that a substantial period of confinement, and a recommendation that you avail yourself of the Bureau of Prisons' intensive drug/alcohol program while confined, were an appropriate sanction for your dangerous conduct while in the community.

Your claim that the Commission violated your due process rights by not considering what your potential sentence under the Sentencing Reform Act would have been is without merit. There is no legal requirement that the Commission consider the Sentencing Reform Act (under which you were not sentenced) in making parole decisions in your case.

Your claim that the Commission violated the 5th and 6th Amendments to the U.S. Constitution by finding you to have committed a "law violation" in the absence of a conviction is also without merit. The Commission makes findings of parole violation by the preponderance of the evidence standard, and can find, by that standard, that you violated the conditions of parole by committing a new crime, or "law

*Exhibit A*

Schmanke 02055-027                -1-                Clerk: PWM

violation". The Commission's authority to make such a finding notwithstanding the absence of a conviction is well-established.

All decisions by the National Appeals Board on appeal are final.

Cc:   Kerry C. Conner
      Federal Community Defenders, Inc.
      Northern District of Indiana
      Hammond Office
      219 Russell Street, 6th floor
      Hammond, IN 46320

