IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK W. SCHMANKE #02055-027, )
)
          Petitioner, )
)
v. )  No.  05 C 2444
)
SILAS IRVINS, Warden, Metropolitan )
Correctional Center, )
)
          Respondent. )

MEMORANDUM ORDER

Mark Schmanke ("Schmanke"), who has repeatedly demonstrated his inability to stay clear of the criminal justice system over a period of many years, has brought a petition for habeas relief under 28 U.S.C. §2241[1] to challenge the most recent revocation of parole.[2] This Court's most recent memorandum order issued on November 7 (a photocopy of which is attached) dealt with--and dispatched--several of Schmanke's latest contentions, but it also directed the government to file a response. That response is now in hand, and it clearly reconfirms the propriety of dismissal of Schmanke's current effort to seek relief.

---

    [1]    All further references to Title 28's provisions will simply take the form "Section--."

    [2]    As this Court stated in n.2 of its October 5, 2005 memorandum order initially dismissing this action:

> Because Schmanke's original criminal offense antedated the effective date of the sentencing guidelines, November 1, 1987, the previously-enacted statutory provisions regarding parole remain in effect as to Schmanke (see Bledsoe v. United States, 384 F.3d 1232, 1234 n.2 (10th Cir. 2004)).

As this Court had reflected in its November 7 order, the only potential area of concern as to the validity of Schmanke's latest parole revocation might have stemmed from the fundamental change in Confrontation Clause jurisprudence announced in Crawford v. Washington, 541 U.S. 36 (2004). But as the government's response has pointed out, no fewer than four Courts of Appeals have issued post-Crawford opinions that have flat-out rejected its applicability to revocation proceedings: First, United States v. Martin, 382 F.3d 840, 844 n.4 (8th Cir. 2004)(supervised release revocation), then United States v. Aspinall, 389 F.2d 332, 342-43 (2d Cir. 2004)(probation revocation), next United States v. Kirby, 418 F.3d 621, 627-28 (6th Cir. 2005)(supervised release revocation) and finally United States v. Hall, 419 F.3d 980, 985-86 (9th Cir. 2005)(same). Although none of those decisions involved parole revocation, all of them employed the same reasoning as the seminal decision in the latter respect, Morrissey v. Brewer, 408 U.S. 471, 480 (1972): that any such revocation proceeding is not part of a criminal prosecution, so that the Sixth Amendment and its Confrontation Clause are not implicated.

To this Court's knowledge, no Seventh Circuit case has had occasion to consider whether Crawford has worked a change in the law of revocation proceedings. But this Court sees no reason to believe that our Court of Appeals would part company with the

unanimous position of its counterparts in other Circuits. This Court will follow their lead in rejecting Schmanke's challenge on confrontation grounds.

Moreover, any such contention could not help Schmanke in any event. For one thing, his September 2003 conviction on a DUI charge conclusively demonstrates that violation of the conditions of his parole. And as to the February 2005 asserted hit-and-run incident about which Schmanke complains he lacked the ability to cross examine, the live testimony at his revocation hearing (see the attached excerpt from the government's response)--as to which cross examination was available--provides more than an ample ground for rejection of his present complaint.[3]

In summary, Schmanke's renewed effort to obtain habeas relief is without merit. This Court grants Schmanke leave to file his already tendered amendment to his petition (see Dkt. 39), but it denies Schmanke's amended motion seeking a writ of habeas corpus.

*[signature]*
Milton I. Shadur
Senior United States District Judge

Date: December 5, 2005

---

[3] This is said over and above the government's added argument that if any error was committed, it was unquestionably harmless error. That position and the cases cited in its support are persuasive as well.

U.S. Department of Justice                              Notice of Action on Appeal
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Rec'd
Oct 20, 2005  Mark W. Schmanke

Name: Schmanke, Mark                                    Institution: Pekin FCI

Register Number: 02055-027                              Date:    October 12, 2005

The National Appeals Board examined the appeal of the above named and ordered the following:

Affirmation of the previous decision.

### REASONS:

There is no merit to your claim that a decision outside the guidelines is not supported by the reasons or facts as stated on the Notice of Action. The reasons given are specific and comply with 28 C.F.R. 2.20 for decisions outside the guidelines.

Your claim that the reasons are in error because you only have two convictions for DUI is without merit. The Commission's finding that you have violated parole on four occasions by abusing alcohol while driving a vehicle is supported by the record. Your parole was revoked in 1995 on a charge of "operating [a motor vehicle] while impaired". Your parole was revoked in 1998 based in part on your conviction of driving under the influence of alcohol. Your parole was revoked in 2001 on a charge of reckless driving, and you admitted at your revocation hearing that you were under the influence of marijuana and alcohol at the time. Your parole was most recently revoked on a finding by the Commission that you violated parole by operating a vehicle while intoxicated. Accordingly, the Commission's statement in its reasons for exceeding the guidelines that "This is the fourth revocation of your supervision that has involved your abuse of alcohol while driving a vehicle." is factually based in the record.

Your claim that the Commission abused its discretion by requiring you to serve 20 months because your violations were only misdemeanors misses the point. Your reckless behavior behind the wheel of your vehicle makes you a serious threat to the community because, while you are fleeing officers, driving erratically, exceeding the speed limit by 30 MPH, and driving up the curb, there is a substantial risk that you will injure or kill someone, whether by colliding your vehicle with theirs, or by running them over. The Commission acted within the scope of its discretion in concluding that a substantial period of confinement, and a recommendation that you avail yourself of the Bureau of Prisons' intensive drug/alcohol program while confined, were an appropriate sanction for your dangerous conduct while in the community.

Your claim that the Commission violated your due process rights by not considering what your potential sentence under the Sentencing Reform Act would have been is without merit. There is no legal requirement that the Commission consider the Sentencing Reform Act (under which you were not sentenced) in making parole decisions in your case.

Your claim that the Commission violated the 5th and 6th Amendments to the U.S. Constitution by finding you to have committed a "law violation" in the absence of a conviction is also without merit. The Commission makes findings of parole violation by the preponderance of the evidence standard, and can find, by that standard, that you violated the conditions of parole by committing a new crime, or "law

*Exhibit A*

violation". The Commission's authority to make such a finding notwithstanding the absence of a conviction is well-established.

All decisions by the National Appeals Board on appeal are final.

Cc:   Kerry C. Conner
      Federal Community Defenders, Inc.
      Northern District of Indiana
      Hammond Office
      219 Russell Street, 6th floor
      Hammond, IN 46320



Moreover, with respect to the February 2005 incident, the hit and run accident was only the beginning of the course of conduct which led to Schmanke's arrest. The report of the accident and Schmanke's flight led to a police response to the vicinity of the accident, a police chase of Schmanke's truck, and Schmanke's subsequent arrest not only for the hit and run but also for operating a motor vehicle while intoxicated, reckless driving, and resisting arrest. Police Officer Anthony Buonadonna of the Schereville, Indiana police department, responded to the report of the accident, chased Schmanke in his patrol car, and subsequently arrested Schmanke and transported him to a hospital.

Officer Buonadonna was present at Schmanke's revocation hearing and gave testimony concerning the his chase of Schmanke, Schmanke's arrest, and his observation of Schmanke from the time of the arrest to the Schmanke's evaluation at the hospital. Buonadonna testified that he personally observed Schmanke run multiple stop signs, cut off other vehicles, drive over a sidewalk, and exceed the posted speed limit by 30 miles per hour as he chased Schmanke with emergency lights flashing and siren. He also testified that Schmanke stopped his truck in the middle of the street, ran from the truck and tried to scale a 6-foot wooden fence. Officers pulled Schmanke off the fence and handcuffed him. Buonadonna further testified that in waiting with Schmanke at the hospital he smelled alcohol on Schmanke's breath, and noticed that Schmanke was unsteady on his feet and that his eyes were watery and bloodshot. When asked, Schmanke refused a field sobriety test and a blood alcohol test.

Buonadonna further testified concerning admissions that Schmanke made to him concerning his involvement in the hit and run accident and Schmanke's ingestion of alcohol. Following his direct examination, Buonadonna was subjected to cross-examination and, thus, Schmanke's claim of having no opportunity to confront adverse witnesses fails.

Excerpt from Government Responsive Memorandum