IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



MARK W. SCHMANKE #02055-027, )
)
             Petitioner, )
)
v. )   No. 05 C 2444
)
SILAS IRVINS, Warden, Metropolitan )
Correctional Center, )
)
             Respondent. )

MEMORANDUM ORDER

Mark Schmanke ("Schmanke") is truly indefatigable--this time he has filed a "Motion for Relief from Judgment Under F.R.C.P. 59 & 60(b)," which is both heedless of this District Court's 15-page limit and incorrect on the law that it seeks to call to Schmanke's aid.[1] Because this Court has already dealt so extensively with Schmanke's effort to obtain habeas relief under 28 U.S.C. §2241, it will avoid reiterating what it has said before now and will give Schmanke's current submission only the

---

[1] There is a good bit of irony in Schmanke's request for special solicitude, at the beginning of his Conclusion at page 31 of his current submission, that he seeks reconsideration of this Court's earlier rulings "under Haines v. Kerner, 404 U.S. 515 (1972), keeping in mind that petitioner has no legal training." Although this Court disagrees with the conclusions that Schmanke's submission advances, it is perfectly obvious from the nature of his arguments and his extensive citations to legal authorities that he has either spent a great deal of his custodial time in becoming a "jailhouse lawyer" or has had significant input from a professionally trained lawyer. In the latter respect, that same page shows a copy of the submission as having gone to Thomas A. Durkin, an experienced criminal practitioner who has had many, many cases before this Court and its colleagues.

short shrift that it merits.

As Schmanke would have it, the authorities on which this Court has relied in rejecting Schmanke's habeas petition have been "overruled" by the United States Supreme Court's decision in United States v. Wilson, 503 U.S. 329 (1992) and our Court of Appeals' decision in White v. Scibana, 390 F.3d 997 (7th Cir. 2004). But those decisions, like all others that confirm the vesting in the Bureau of Prisons of the authority over good time credits for federal prisoners, do not deal at all with the situation of former prisoners who are on parole and as to whom the parole system has been continued by congressional action.

Accordingly this Court adheres to its earlier opinions and denies Schmanke's current motion. This will be the final submission that this Court will accept from Schmanke--if he wishes to obtain any review and further consideration of this Court's rulings (as is of course his right), he must address his further efforts to the Court of Appeals.

                                                Milton I. Shadur
                                                Senior United States District Judge

Date:   December 27, 2005